*Filed*
JUL 5 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-Filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HERMAN RESNICK,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

No. C 07-2885 MHP

**ORDER TO SHOW CAUSE**

    On September 22, 2003 the court sentenced petitioner Herman Resnick to a prison term of 188 months for armed bank robbery in violation of 18 U.S.C. sections 2113(a) and (d). On June 8, 2004 the court ordered petitioner's sentence to a term of 130 months. Now before the court is petitioner's *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. section 2255.

BACKGROUND

    Herman Resnick was sentenced to a term of imprisonment of 188 months on September 22, 2003. At the time of sentencing, the government had pending Motion for Departure pursuant to United States Sentencing Guidelines section 5K1.1. The court held a hearing on the motion on May 10, 2004. Resnick requested to be present at the hearing, and the court declined his request pursuant to Federal Rule of Criminal Procedure 43(b)(4). On June 8, 2004 the court ruled on the government's motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure. The court granted the motion for departure on the basis of Resnick's substantial assistance to the government in another case. The court granted a downward departure of four levels to Level 27 of the

1  Sentencing Guidelines. The resulting guidelines range, based on Resnick's criminal history, was 130
2  to 162 months. The court reduced Resnick's sentence to 130 months. The Amended Judgment was
3  entered on August 27, 2004.
4      Resnick filed a notice of appeal on October 1, 2003, signaling his intent to challenge the
5  sentence imposed on September 22, 2003 of 188 months on the basis that the court had improperly
6  sentenced him while the government's downward departure motion was pending. The Ninth Circuit
7  issued its order on March 8, 2006, dismissing the appeal for lack of jurisdiction. Resnick filed this
8  section 2255 motion on June 4, 2007, asking the court to vacate, set aside or correct his sentence in
9  light of an alleged denial of effective assistance of counsel.

11  LEGAL STANDARD
12      Pursuant to section 2255 a petitioner may move to vacate, set aside or correct his or her
13  sentence. 28 U.S.C. § 2255. The federal habeas statute allows a prisoner in federal custody to
14  challenge the imposition or the length of the sentence "upon the ground that the sentence was
15  imposed in violation of the Constitution or laws of the United States, or that the court was without
16  jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized
17  by law, or is otherwise subject to collateral attack." Id. If any of these four grounds exist, the court
18  "shall vacate and set the judgment aside and shall discharge the prisoner or re-sentence him or grant
19  a new trial or correct the sentence as may appear appropriate." Id.
20      Rule 4(b) of the Rules Governing Section 2255 Proceedings mandates that the district court
21  summarily dismiss a section 2255 motion "if it plainly appears from the face of the motion, any
22  annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the
23  district court." See Rule 4(b), Rules Governing Proceedings in the United States District Courts
24  Under Section 2255 of Title 28, United States Code; United States v. Mathews, 833 F.2d 161, 164
25  (9th Cir. 1987). Summary dismissal is appropriate only when the allegations in the petition are
26  vague or conclusory, palpably incredible or patently frivolous or false. See Hendricks v. Vasquez,
27  908 F.2d 490, 491 (9th Cir. 1990) (citing Blackledge v. Allison, 431 U.S. 63, 75–76 (1977)).

A petitioner has one year to file a section 2255 motion from the latest of (1) the date on which his judgment of conviction became final; or (2) the date on which an impediment to filing the motion, created by a governmental action, was removed; or (3) the date on which the right asserted was first recognized by the Supreme Court; or (4) the date on which, through due diligence, the facts supporting the claim(s) could have been discovered. 28 U.S.C. § 2255.

DISCUSSION

I.     Timeliness

A petitioner must file a section 2255 motion within one year of the date of judgment or from the date on which the facts supporting the claim could have been discovered. 28 U.S.C. § 2255. Petitioner's motion was filed on June 4, 2007. The amended judgment was entered by this court on August 27, 2004. However, petitioner's appeal of his original sentence resulted in a mandate issued on March 27, 2006. The court notes that there may be a timeliness problem to Resnick's motion but will address the merits of his petition below.

II.    Claims for Relief

Resnick advances four arguments in his section 2255 motion. First, he argues that the government did not perform on promises it made in the plea agreement ("Agreement"). Specifically, he contends that the government promised to reduce his sentence to 77 months as part of its motion for departure under section 5K1.1. Second, he makes an ineffective assistance of counsel claim. He asserts that he had conflicts with his attorney prior to sentencing and that the court was aware of and ignored these conflicts. Resnick alleges that his attorney promised that he would receive the benefits of the reduction under 5K1.1 prior to sentencing. Third, Resnick argues that the court wronged him by failing to ask him about the alleged conflicts with his attorney. Finally, he contends that his counsel was constitutionally deficient because counsel waived Resnick's right to meet with the probation officer who drafted his Presentence Report. These defects, Resnick argues, prejudiced him in the form of an increased sentence.

3

Petitioner has waived some of his rights to challenge his sentence under the plea agreement he signed. The plea agreement contains several provisions that limit petitioner's rights to appeal, including a statement that "[petitioner] agree[s] not to file any collateral attack on [his] conviction or sentence, including a petition under 28 U.S.C. section 2255, at any time in the future after [petitioner is] sentenced, except for a claim that [his] constitutional right to the effective assistance of counsel was violated." Plea Agreement ¶ 5. Therefore, his claim that the government breached its obligations under the plea agreement is explicitly barred by the terms of the Agreement.

By alleging that counsel failed to perform adequately and that such failure was prejudicial, Resnick has raised a cognizable claim for ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984). Strickland establishes the standard that petitioner must show both deficient performance, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and resulting prejudice such that "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 687, 694. Resnick has raised challenges to the effectiveness of counsel and he has alleged that he was prejudiced, in the form of a sentencing enhancement, by those errors. With respect to petitioner's ineffective assistance of counsel claim, it cannot be said that the record as it now stands "conclusively show[s] that [petitioner] is entitled to no relief." 28 U.S.C. § 2255. It is therefore appropriate to compel respondent to answer the instant motion to the extent that petitioner claims that he was deprived of his Sixth Amendment right to effective assistance of counsel. See Rules Governing Section 2255 Proceedings, Rule 4(b).

4

CONCLUSION

Accordingly, for the reasons stated above, respondent is hereby ORDERED to answer the motion within sixty (60) days of the date on which this order is entered. Petitioner may file a reply within thirty (30) days of the date of the date on which the answer is due.

IT IS SO ORDERED.

Dated: July 5, 2007

MARILYN HALL PATEL
United States District Court Judge
Northern District of California